IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:17-cv-16

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TANISHA SALMON a/k/a TANISHA CHAMBERS, | ) ) ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the United States' motion requesting an order compelling the Defendant, Tanisha Chambers a/k/a Tanisha Salmon, to provide initial disclosures required by Fed. R. Civ. P. 26(a)(1) and a written response to the government's First Set of Requests for Production of Documents, along with all responsive documents.

**I. Background**

In this lawsuit, the United States seeks injunctive and other equitable relief pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, claiming that the Defendant, through the preparation of federal tax returns, engages in conduct that interferes with the enforcement of the internal revenue laws and that injunctive relief is necessary to prevent a recurrence of that conduct. The United States also seeks an order requiring the Defendant to disgorge the ill-gotten gains she received for the preparation of tax returns making false claims.

On May, 16, 2017, the United States served 39 requests for production of documents on the Defendant. The Defendant did not respond. The Defendant also failed to provide Rule 26(a)(1) mandatory disclosures on or before May 15, 2017, as required by the Court's scheduling

1

order. (Docket no. 11.) The Defendant subsequently provided the names of individuals likely to have discoverable information that she may use to support her claims or defenses, but has not made any of the other disclosures that Fed. R. Civ. P. 26(a)(1) requires.

The United States filed its motion on July 18, 2017, and the Defendant failed to respond. The Court will grant the United States' motion.

## II. Discussion

Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. When, as here, a party fails to respond to discovery seeking relevant information, under Rule 37 "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). A party waives its objections if it fails to respond to discovery requests within the allotted time. *See Merriweather v. Radio Shack*, 2012 WL 4578695, at *1 (E.D.N.C. Oct. 1, 2012).

The United States' requests for production of documents seek information relevant to the government's claims and they are proportional to the needs of the case. To obtain the relief it seeks, the government must show that 1) the relief sought is necessary or appropriate for enforcement of the internal revenue laws; 2) the Defendant acted recklessly or negligently with

2

respect to the preparation of tax returns or engaged in any other deceptive conduct which substantially interferes with the administration of the Internal Revenue laws; or 3) the Defendant advised, or assisted in the preparation of a tax return knowing (or having reason to believe) that it would be used in connection with any material matter arising under the internal revenue laws and would result in an understatement of another person's tax liability. *See United States v. Stinson*, --- F. Supp. 3d ----, 2017 WL 881839, *18 (M.D. Fla. Mar. 6, 2017) (internal citation omitted); *United States v. Renfrow*, 612 F.Supp.2d 677, 691 (E.D.N.C. 2009); *United States v. Preiss*, 2008 WL 2413895, at *5 (M.D.N.C. June 11, 2008).

The Defendant, by failing to timely respond, waived any objections other than to privilege. As explained below, the government's document requests seek material relevant to the government's claims for relief and the Defendant shall be compelled to respond to the requests in writing and to produce responsive documents.

Requests 1, 2, 3, 4, and 9 seek copies of tax returns prepared by the Defendant or her employees, and also her "customer files" (whether in paper or electronic format), which are records that tax return preparers maintain, such as Forms W-2 and 1099, or receipts for income or expenses, provided by the customer for use in preparing the tax return. These records may show whether the claims made on customers' tax returns are supported or contradicted by the information that the customers provided.

Request 5 seeks documents showing the fees received by the Defendant, which is relevant to the government's claim for disgorgement of ill-gotten gains. Additionally, requests 6, 7, and 8 request franchise agreements, employment agreements, and other documents related to

employees, which are relevant to identify potential witnesses and also to show whether the Defendant is a "tax return preparer" as defined in 26 U.S.C. § 7701(a)(36).[1]

Request 10 seeks records of communications between the Defendant and the IRS to show any notice that the Defendant may have received regarding errors on tax returns that she prepared.

Request 11 seeks documents showing the Electronic Filing Identification Numbers that the Defendant and her tax preparation stores used when filing tax returns. These records may enable the government to identify all of the stores owned by the Defendant and identify all of her employees who may have registered EFINs with the IRS. Moreover, the government may identify returns filed using those EFINs and compare IRS records of filed tax returns with any other records (*i.e.* customer files and related electronic records) provided by the Defendant to determine whether the filed tax returns match the information provided by customers and to ensure that the IRS is aware of all of the tax returns that the Defendant and her employees filed.

Request 12 seeks documents identifying all customers, necessary to identify possible witnesses and identify all tax returns filed by the Defendant and her employees.

Request 13 seeks leases or real estate contracts to identify the location of the Defendant's stores, the years the stores were in operation, and who exercised control over those stores.

Request 14 seeks correspondence between the Defendant and her employees regarding the preparation of tax returns. These documents may show any instructions or directives provided by the Defendant to employees, show any possible concerns raised by employees to the Defendant, or reveal other communications which may show how the Defendant controlled the

---

[1] "The term 'tax return preparer' means any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax imposed by this title or any claim for refund of tax imposed by this title." 26 U.S.C. § 7701(a)(36).

actions of employees or otherwise assisted in the preparation of tax returns. Requests 15, 16, and 17 seek training materials used by the Defendant and her employees, which also may reveal any instructions to employees with respect to communicating with customers (such as guaranteeing refunds) and on how to prepare tax returns.

Requests 18 through 24 seek various records of communications between the Defendant and her employees or co-owners of her tax preparation business, pertaining to preparing tax returns, this lawsuit and any other federal or state investigations concerning the Defendant and her business, the fees charged for preparing tax returns, training provided, and documents such as cheat sheets, training materials, and scripts used for communicating with customers or preparing tax returns.  These documents are relevant, in part, to show the Defendant's control over her business and employees, the instructions she provided to employees, and her knowledge of the practices at her stores.

Requests 25 and 26 seeks advertisements, marketing materials, and third-party loan documents or contracts (including agreements or contracts between the Defendant and any bank or financial institution regarding same day loans, refund advances, or other products used by the Defendant and her business). These records are relevant to the Defendant's marketing and sales practices, which are important to determine whether she may have engaged in any deceptive conduct, and to determine if any third-parties were involved with processing customers' tax refunds or providing loans so that third-party discovery may be conducted.  Additionally, requests 27 and 28 seek records showing the identity of the licensors of the tax preparation software and any "bank product" or refund processing services that the Defendant used.  This material is relevant to identify third parties that may have records or information regarding the

5

Defendant's customers, tax returns that she and her employees prepared, and the fees that she received.

Request 29 seeks business licenses or registrations for the Defendant's tax preparation stores, which may show her ownership of or control over those stores. Such records may also identify third-party regulatory bodies that may possess records relevant to this case.

Requests 30 and 31 seek documents showing the Defendant's ownership of, investment in, or financial arrangements with any tax preparation business, and incorporation documents for Q A Tax Service, Inc. These documents are relevant to showing the extent of the Defendant's ownership and control of Q A Tax Service, Inc. and any other tax preparation businesses.

Request 32 seeks documents showing the email addresses that the Defendant's business uses. These email addresses may identify who had access to and control over the email accounts, and lead to the production of relevant emails originating from or sent to those email addresses including, for example, emails concerning training or any direction and assistance that the Defendant provided with respect to the preparation of tax returns, or emails containing information provided by customers in connection with the preparation of tax returns.

Requests 33 through 39 seek documents pertaining to oversight or training provided by third-parties, which may result in the production of documents or information resulting from any third-party training provided to the Defendant or her employees, or any third-party review or audit conducted of the Defendant's (or her employees') tax preparation. To the extent that the Defendant may have engaged with a third party to conduct an independent audit or review of her tax preparation, the results of that audit, and any material that an auditor reviewed to create a report or analysis, are relevant to the claims and defenses in this case.

According to the government, the Defendant's failure to produce these documents has effectively stopped discovery in its tracks. Moreover, the government needs information from the Defendant before it can seek relevant material from third-parties. The government is thus prejudiced by the Defendant's failure to respond to the document requests. Similarly, the Defendant's failure to fully comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) has also caused delay and unnecessarily burdened the government and this Court.

For these reasons and for good cause shown,

**IT IS HEREBY ORDERED** that within 14 days, the Defendant shall serve on counsel for the United States all of the information required by Fed. R. Civ. P. 26(a)(1).

**IT IS FURTHER ORDERED** that within 14 days, the Defendant shall serve on counsel for the United States a formal written response to the United States' requests for production of documents. Further, within 14 days, the Defendant shall produce to the United States, or make available for inspection and copying, the documents in the Defendant's possession, custody, or control that are responsive to the United States' requests for production of documents.

The Defendant is cautioned that failure to comply with this Order may result in sanctions, including fines and/or the entry of default.

**IT IS SO ORDERED**, this the 16th day of August, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge